**Bridgette Michell ROBINSON,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00838–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1992.

S. Elwood York, Jr., Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Jeannine Southwick, Houston, for appellee.

Before SAM BASS, HEDGES and COHEN, JJ.

## OPINION

COHEN, Justice.

The jury found appellant guilty of murder, and the trial judge assessed punishment at 40–years imprisonment. Appellant complains that photographs and an extraneous offense were wrongly admitted. We affirm.

On August 11, 1990, appellant resided with her aunt, Benita Robinson, and Samuel Edwards, the 77–year–old victim. On that day, Robinson found appellant and Edwards arguing. Robinson saw appellant strike Edwards in the head with an iron. Robinson then struggled with appellant, knocking a hammer from appellant's grasp. Edwards, meanwhile, tried to run away, but fell. As Robinson left to call the police, she saw appellant run to where Edwards had fallen.

Houston Police Officer Kenneth Perreault soon arrived and saw appellant straddling the injured Edwards and striking him with her closed fist. Officer Perreault protected Edwards and called an ambulance. Edwards died in a hospital a short time later. Robinson told Officer Perreault she saw appellant strike Edwards with a hammer several times. The medical examiner determined Edwards died from severe blows to his head.

In her first and second points of error, appellant claims the trial judge abused his discretion by admitting three photographs into evidence, State's exhibits four, seven, and nine, showing injuries to the victim's head and face, which were the cause of death. Appellant contends their prejudicial effect far outweighed any probative value.

### Probative Value

State's exhibits four and seven are small photographs, and show only the head and chest of the victim as he appeared at the morgue. Here, the judge had a basis for finding the evidence probative. Appellant was charged with intentionally killing Samuel Edwards by hitting him in the head with a deadly weapon, i.e., an iron and/or a hammer. The State had to prove that a death occurred in the manner alleged—by appellant beating the victim's face and head. The photographs helped to supply such proof; they had a "tendency to make the existence of [a] fact that is of consequence to the determination of the action more probable ... than it would be without the evidence." Tex.R.Crim.Evid. 401. Thus, they were relevant.

Appellant also argues State's exhibit nine had no probative value. Exhibit nine is a single photograph of the victim's nude body at the morgue. After the appellant objected at trial, the State argued that the picture showed the victim's size and build, and it accurately depicted the condition of the victim's body when found by the emergency medical technicians who arrived at the murder scene. Thus, the picture tends to refute appellant's claim that the 77–year–old, 100–pound man had attacked her, caused her to fear for her life, and that she had struck him only with her hand, not with the iron or the hammer. The trial judge did not abuse his discretion in admitting exhibit nine.

### Danger of Unfair Prejudice

Appellant also argues the trial judge abused his discretion by allowing into evidence State exhibits four, seven, and nine because the pictures unfairly inflamed the minds of the jurors, and their prejudicial effect far outweighed any probative value.

The admissibility of a photograph is within the sound discretion of the trial judge. *Ramirez v. State*, 815 S.W.2d 636, 646–47 (Tex.Crim.App.1991). Generally, if verbal testimony of matters depicted in the photographs is admissible, the photographs themselves are admissible. *Id.* Moreover, as outlined above, the trial judge here properly determined these pictures are relevant evidence. Therefore, their admissibility is

governed by TEX.R.CRIM.EVID. 403.[1] *See Fuller v. State*, 829 S.W.2d 191, 206 (Tex. Crim.App.1992); *Long v. State*, 823 S.W.2d 259, 271–72 n. 18 (Tex.Crim.App.1991). Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App.1990) (op. on reh'g); *see also Long*, 823 S.W.2d at 271.

▪▪▪ We may consider several factors in determining whether the probative value of photographic evidence is substantially outweighed by the danger of unfair prejudice. These factors include, but are not limited to: the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or color, whether they are close-up, and whether the body is depicted naked or clothed. The availability of other means of proof and the circumstances unique to each individual case must also be considered. *See Long*, 823 S.W.2d at 271–73.

Here, because the three photos are few in number, small in size, depict the wounds inflicted on the victim, are not overly gruesome or blood-filled, and were the subject of testimony at trial, their probative value is not substantially outweighed by their possible prejudicial effect. *See, e.g., Fuller*, 829 S.W.2d at 206–207 (three color photos of victim who died from beating to head and face admissible); *Long*, 823 S.W.2d at 273 (13 color photos of hatchet murder victims admissible); *Ramirez*, 815 S.W.2d at 647 (seven photos of a cutting and stabbing victim admissible). The trial judge did not abuse his discretion in admitting the photos.

Points of error one and two are overruled.

In her third point of error, appellant claims that the trial judge erred by admitting evidence of an extraneous offense.

During the guilt/innocence phase of trial, appellant testified that the 77–year–old Edwards was the aggressor, that she had acted only in self-defense, and that she did not intend to kill Edwards. In response, the State called Willis Estes as a rebuttal witness. As he began to testify about appellant's involvement in a prior altercation, appellant objected to the introduction of this evidence, stating, "Your Honor—I'm sorry. I object to any evidence about these prior acts, under Rule 404." The judge overruled the objection. Mr. Estes then testified that in the summer of 1988, he had seen appellant argue with Mr. Thomas Howard,[2] chase the 70–year–old Howard, and then strike Howard with a shovel.

▪▪▪ Generally, a defendant's prior crimes or bad acts are inadmissible to prove he has a bad character or a propensity to commit the offense charged. *Montgomery*, 810 S.W.2d at 386; *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App. 1983); TEX.R.CRIM.EVID. 404(a)–(b), 405(a). Such evidence, however, may be admissible for other purposes, such as proof of motive, intent, plan, knowledge, or lack of mistake or accident. *Montgomery*, 810 S.W.2d at 387; TEX.R.CRIM.EVID. 404(b). "Extraneous offense evidence that logically serves any of these purposes is relevant beyond its tendency to prove the character of the person to show that he acted in conformity therewith. It is therefore admissible, subject to the trial court's discretion to exclude it if its probative value is substantially outweighed by the danger of unfair prejudice...." *Montgomery*, 810 S.W.2d at 387.

---

1. Rule 403 of the Texas Rules of Criminal Evidence provides:

   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

2. The State, in its brief, responds to this point of error as if Mr. Edwards, the murder victim, and

Mr. Howard, the subject of the extraneous offense, were the same person. The State provides no explanation why the two can be considered the same person, and we have found none in the record. Therefore, we evaluate this point of error as appellant does, and consider Edwards and Howard as two different people. If they were the same person, the evidence would have been admissible under TEX.PENAL CODE ANN. Sec. 19.06 (Vernon Supp.1993).

Appellant contends the assault on Howard does not fall within the exceptions in TEX.R.CRIM.EVID. 404(b). The exceptions are not exclusive or exhaustive, however, but merely representative.[3] An extraneous offense may be used to rebut a defensive theory, such as self-defense, even though this purpose is not mentioned in TEX.R.CRIM.EVID. 404(b). *Crank v. State,* 761 S.W.2d 328, 341 (Tex.Crim.App.1988); *Halliburton v. State,* 528 S.W.2d 216, 219 (Tex.Crim.App.1975) (op. on reh'g); *Albrecht v. State,* 486 S.W.2d 97, 101 (Tex. Crim.App.1972). When the accused claims self-defense or accident, the State, in order to show the accused's intent, may show other violent acts where the defendant was an aggressor. *Halliburton,* 528 S.W.2d at 218; *Lolmaugh v. State,* 514 S.W.2d 758, 759 (Tex.Crim.App.1974); *Armstrong v. State,* 838 S.W.2d 323, 326 (Tex.App.—Texarkana 1992, pet. filed); *Yarbough v. State,* 753 S.W.2d 489, 490–91 (Tex.App.—Beaumont 1988, no pet.); *Fielder v. State,* 683 S.W.2d 565, 574–75 (Tex.App.—Fort Worth 1985), *rev'd on other grounds,* 756 S.W.2d 309 (Tex.Crim.App.1988). This is the converse of the rule that allows a defendant to show extraneous acts of violence by the deceased in a murder case when the defendant claims self-defense and that the deceased was the first aggressor. *Dempsey v. State,* 266 S.W.2d 875, 877 (Tex.Crim.App.1954); *Gonzalez v. State,* 838 S.W.2d 848, 858–64 (Tex.App.—Houston [1st Dist.] 1992, pet. filed).

Here, appellant presented evidence of self-defense. In rebuttal, the State introduced appellant's prior bad act to demonstrate intent and to refute appellant's defensive theory. The jury charge used the language of 404(b) to limit the purposes for which the jury could consider that evidence. We hold the judge did not abuse his discretion. *See Halliburton,* 528 S.W.2d at 218; *Lolmaugh,* 514 S.W.2d at 759; *Armstrong,* 838 S.W.2d at 326; *Yarbough,* 753

S.W.2d at 490–91; *Fielder,* 683 S.W.2d at 574–75.

Finally, appellant contends the prejudicial effect of this prior act evidence far outweighed any probative value, and the judge erred by admitting it. Once a rule 404 objection is made and the trial judge finds the evidence is relevant to show something apart from character conformity, the trial judge "should admit the evidence absent a further objection by the opponent." *Montgomery,* 810 S.W.2d at 389. "It is now incumbent upon ... [the opponent], in view of the presumption of admissibility of relevant evidence, to ask the trial court to exclude the evidence by its authority under Rule 403, on the ground that the probative value of the evidence ... is substantially outweighed by the danger of unfair prejudice." *Id.* Here, appellant never made a rule 403 objection concerning the prior act evidence. Thus, any complaint that the evidence was improperly admitted under TEX.R.CRIM.EVID. 403 has been waived. *See Montgomery,* 810 S.W.2d at 389; TEX.R.APP.P. 52(a).

We overrule point of error three.

---

**3.** Rule 404(b) of the Texas Rules of Criminal Evidence provides, in pertinent part:

    **(b) Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith. It may, however, be admissible for other purposes, *such as* proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

TEX.R.CRIM.EVID. 404(b) (emphasis added).