Opinion issued August 29, 2002 
















In The

Court of Appeals

For The

First District of Texas






NO. 01-99-00451-CR






SARAH MARIE ROBINS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 785854






O P I N I O N


 A jury found appellant, Sarah Marie Robins, guilty of murder and assessed
punishment at 13 years in prison. On appeal, appellant argues that the trial court
erred by (1) allowing the State to introduce evidence of an extraneous offense and (2)
including a jury instruction on provocation. We affirm.

Background

 It is undisputed that Adelso Martinez was shot and killed by appellant in the
parking lot of his apartment complex in the early morning hours of May 31, 1998. 
Martinez was shot three times in the torso and twice in his right leg. Several of the
shots were consistent with Martinez being shot while on the ground. At trial,
appellant took the stand in her own defense and claimed she acted in self-defense.

Appellant was a lifelong friend of Sheila Bowers. Bowers had been
romantically involved with the Martinez on an intermittent basis for three years, but
was in the process of breaking off the relationship in May 1998. On the evening of
May 30, 1998, Martinez went to Bowers's house and attempted to give her a ring, but
she eventually refused it. Appellant and Bowers left in appellant's red Ford Tempo
to go to a party. According to appellant, Martinez followed them in his car for a short
while and cursed at Bowers at a streetlight before he turned in another direction.

After the party, appellant and Bowers went to an after hours club in the early
morning hours. Martinez arrived at the club while the two were there and tried to talk
to Bowers. Bowers did not want to talk to him, but, because Martinez continued to
talk to her and curse her, she and appellant left the club. Martinez followed them to
appellant's car and tried to talk to them.

Appellant and Bowers drove away, but Martinez followed them and struck
their car from behind several times with his car. Martinez then turned and was no
longer following the two. Appellant, who was the driver throughout the night, turned
her car around, and followed Martinez. Both appellant and Bowers testified they
wanted to get his license plate number. Martinez drove too fast, though, and
appellant was unable to keep up.

Appellant and Bowers testified that they went to the general area where Bowers
thought Martinez lived, and they found him in an apartment complex parking lot five
minutes after the car-ramming incident. According to appellant, an argument ensued
about the car-ramming incident during which Martinez partially came through the
driver-side window, grabbed her, and cursed at her. Appellant testified that she knew
Martinez to often carry a knife, and she was in fear for her life. She reached under
the driver's seat for her handgun and shot Martinez several times at close range. 
Appellant testified the shooting occurred about 10 minutes after they left the club at
2:30 a.m. Other evidence, such as the time the police were called, suggested that the
shooting occurred around 3:45 a.m. 

After the shooting, the two went back to Bowers's house. Appellant called
Tomejia Sulcer around 5:00 or 5:30 a.m. and told her she had shot someone. 
Appellant later met with Sulcer and told her more about the events surrounding the
shooting. Sulcer's testimony about what she was told was generally consistent with
appellant's testimony; however, Sulcer testified that appellant said she went home to
get her gun after being rammed by Martinez. Appellant denied going home to get her
weapon and testified that she had the gun in her car at all times that night. 
Extraneous Offense

 In her first two points of error, appellant claims that the trial court erred by
admitting evidence of an extraneous offense in violation of Texas Rules of Evidence
404 and 403. While evidence of extraneous acts is not admissible to prove that a
person acted in conformity with her character on a particular occasion, extraneous
acts can be admitted for a variety of other purposes apart from character conformity. 
Tex. R. Evid. 404(a), (b); Santellan v. State, 939 S.W.2d 155, 168 (Tex. Crim. App.
1997); Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on
reh'g). Evidence that is relevant under Rule 404(b) apart from showing character
conformity should still be excluded under Rule 403 if a proper objection is made and
its probative value is substantially outweighed by the danger of unfair prejudice. 
Tex. R. Evid. 403; Santellan, 939 S.W.2d at 169; Montgomery, 810 S.W.2d at 389. 


 We review a trial court's decisions to admit extraneous offense evidence under
Rules 404(b) and 403 for an abuse of discretion. Santellan, 939 S.W.2d at 169;
Montgomery, 810 S.W.2d at 391. We will not reverse a trial court's ruling that lies
within the zone of reasonable disagreement. Id. 

 During the trial, appellant raised the issue of self-defense when she testified she
was in fear for her life when she shot Martinez. The State called Benaye Boone as
a rebuttal witness. Prior to Boone testifying, appellant objected to her testimony
under Rules 404 and 403. The trial court overruled the objections. Boone then
testified about an incident that occurred on May 29, 1998, two days before the
Martinez shooting. According to Boone, while appellant was giving her a ride home,
an argument ensued over whether Boone would give appellant some money for gas. 
The car stopped at a public park and there was pushing and shoving between the two
before Boone left the car and began to walk towards a police storefront office at the
park. When she was approximately 30 feet from the car, Boone heard a gunshot and
saw dirt fly 10 to 20 feet away. She heard another shot a few seconds later. 
Appellant was the only person in the area where Boone heard the gunshots originate. 
Boone looked back as she was trying to get behind a tree and saw appellant drive
away. Rule 404: Relevance of Extraneous Offense

 Once appellant objected to Boone's testimony under Rule 404, the State as the
proponent of the evidence was called upon to satisfy the trial court that the extraneous
offense evidence had relevance apart from its character conformity value. Santellan,
939 S.W.2d at 168; Montgomery, 810 S.W.2d at 387. The State argued to the court
that the evidence was proper because self-defense had been raised and appellant had
opened the door by her prior testimony. The court orally instructed the jury to only
consider the testimony in determining the intent of appellant in the charged crime. (1) 

 "When the accused claims self-defense or accident, the State, in order to show
the accused's intent, may show other violent acts where the defendant was an
aggressor." Robinson v. State, 844 S.W.2d 925, 929 (Tex. App.--Houston [1st Dist.]
1992, no pet.); see Halliburton v. State, 528 S.W.2d 216, 218 (Tex. Crim. App. 1975)
(decided before creation of Texas Rules of Evidence) . Here, Boone was called as a
rebuttal witness after appellant raised self-defense in her own testimony. Boone's
testimony, if believed by the jury, demonstrated a violent act where appellant was an
aggressor. The court did not abuse its discretion by overruling the Rule 404
objection. Robinson, 844 S.W.2d at 929; see Halliburton, 528 S.W.2d at 219 (op. on
reh'g); cf. Johnson v. State, 932 S.W.2d 296, 302-303 (Tex. App.--Austin 1996, pet.
ref'd) (upholding admission of extraneous shooting to show intent). 

 We overrule appellant's first point of error.Rule 403: Balancing Test

 Appellant also objected to Boone's testimony under Rule 403 and argues that
any probative value of the evidence was substantially outweighed by its potential for
unfair prejudice. There is a presumption that relevant evidence is more probative
than prejudicial. Santellan, 939 S.W.2d at 169. An appellate court should measure
the trial court's ruling against the relevant criteria by which a Rule 403 decision is to
be made. Montgomery, 810 S.W.2d at 392. Factors that the trial court should
consider when conducting a Rule 403 balancing test include:

 (1) how compellingly the extraneous offense evidence serves to make
a fact of consequence more or less probable--a factor which is related
to the strength of the evidence presented by the proponent to show the
defendant in fact committed the extraneous offense;


 (2) the potential the other offense evidence has to impress the jury "in
some irrational but nevertheless indelible way;"


 (3) the time the proponent will need to develop the evidence, during
which the jury will be distracted from consideration of the indicted
offense;


 (4) the force of the proponent's need for this evidence to prove a fact of
consequence, i.e., does the proponent have other probative evidence
available to him to help establish this fact, and is this fact related to an
issue in dispute.


Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000); see Montgomery, 810
S.W.2d at 389-90.

 On the first factor, we note that although Boone did not testify that she actually
saw appellant shoot at her, the circumstantial evidence was strong. The probativeness
of an extraneous offense is often related to its similarity to the charged offense. 
Montgomery, 810 S.W.2d at 389-90. The Boone incident shared several similarities
with the Martinez shooting. Appellant allegedly fired her gun in the direction of
Boone following a verbal and physical confrontation near appellant's car. Boone's
testimony, which was not rebutted by appellant, suggested that the shots were not
fired in self-defense; rather, they were fired as Boone was walking away from the
scene of the altercation. Martinez was also shot near appellant's car following a
series of verbal and physical confrontations. The Boone incident, coming only two
days before the Martinez shooting, was close enough in time and similar enough
factually to be probative on the issue of intent. See Johnson, 932 S.W.2d at 302-303. 
 The risk of impressing the jury in an irrational but indelible way was not overly
great. While a similar extraneous offense always carries the potential to impress the
jury regarding the possibility of character conformity, this potential inference can be
minimized through a limiting instruction. Lane v. State, 933 S.W.2d 504, 520 (Tex.
Crim. App. 1996). Here, the trial court gave a proper limiting instruction. We hold
that this testimony was not the sort of evidence where a limiting instruction would be
ineffective. See Montgomery, 810 S.W.2d at 392-93 (holding relevant criteria for
finding error exists if jury instruction likely ineffective); Johnson, 932 S.W.2d at 303
(holding jury instruction likely effective).

 The time involved in developing the evidence was not excessive. Boone
testified about the extraneous offense, and no other witnesses were called. Appellant
did not testify about the event. The total time allotted to the extraneous event was 
very small when compared to the overall trial.

 Finally, we examine the State's need for the evidence. The key disputed issue
at trial was whether appellant shot Martinez in self-defense or with a criminal intent
to kill. Normally, intent to kill can be inferred from the use of a deadly weapon. 
Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Here, though, that
inference was countered by the claim of self-defense. Other circumstantial evidence
existed that could help to demonstrate the intent to kill. Evidence that Martinez was
shot multiple times, including several times while on the ground, could lead to an
inference that there was a criminal intent to kill rather than defend. Cf. Smith v. State,
965 S.W.2d 509, 518 (Tex. Crim. App. 1998) (noting previous case where victim
stabbed 24 times). 

 Additionally, there was disputed evidence that appellant first went home and
armed herself before seeking out Martinez to discuss the car-ramming incident. If
true, and if appellant was illegally carrying the weapon, this would have negated a
claim of self-defense. Tex. Pen. Code Ann. § 9.31(b)(5) (Vernon 1994). As we
discuss below, there was also evidence from which the jury could conclude that
appellant provoked the attack, also negating self-defense. See Tex. Pen. Code Ann.
§ 9.31(b)(4) (Vernon 1994).

 However, the presence of disputed evidence for theories that could potentially
negate self-defense does not indicate that the State had no need for this evidence. 
The other evidence we have discussed was not overwhelmingly convincing, and the
Boone testimony supported the State's contention that appellant was not acting in
self-defense. We cannot say that the State's need for this evidence was merely
minimal. Cf. Montgomery, 810 S.W.2d at 395-96 (reversing where State's need was
minimal because it had other compelling evidence to show intent). 

 After reviewing the record, we conclude the trial court did not abuse its
discretion when it overruled appellant's Rule 403 objection. We overrule appellant's
second point of error.

Provocation

 In her third point of error, appellant claims that the trial court erred by limiting
her right of self-defense by including a jury instruction on "provoking the difficulty."
We must determine whether error exists in the charge, and whether sufficient harm
resulted to require reversal. Hutch v. State, 922 S.W.2d 166, 170-71 (Tex. Crim.
App. 1996); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Here,
because appellant objected at trial and preserved error, any harm, however slight, will
be sufficient to require reversal. Hutch, 922 S.W.2d at 171.

 Provocation, also known as provoking the difficulty, is a concept in criminal
law that acts as a limitation or total bar on a defendant's right to self-defense. Smith,
965 S.W.2d at 512. If a defendant provoked another to make an attack on her, so that
the defendant would have a pretext for killing the other under the guise of self-defense, the defendant forfeits her right of self-defense. Id. A jury charge on
provocation is required when there is sufficient evidence that (1) the defendant did
some act or used some words that provoked the attack on her; (2) such act or words
were reasonably calculated to provoke the attack; and (3) the act or words were used
for the purpose and with the intent that the defendant would have a pretext for
inflicting harm on the other. (2) Id. at 513. All three elements of provocation can be
met by using circumstantial evidence. Id. at 515, 517, 518. In our review, we ask if
there was sufficient evidence from which a rational jury could have found
provocation beyond a reasonable doubt, and we view the evidence in the light most
favorable to giving the instruction. Id. at 514.

 Regarding the first element, whether appellant did some act or used words to
provoke an attack from Martinez, it is useful to review the testimony of a witness who
heard the events surrounding the shooting. John Williams testified for the State that
he was walking back to his apartment from a neighborhood party around 2:00 or 3:00
a.m. when he saw a man walking along the street carrying boots. A short while later,
two ladies in a red car approached the apartment gates. One of the girls asked him
how to get through the gate and he replied that a card was required to open the gate. 
He did not open the gate for them, but entered the grounds and walked toward his
apartment. While walking, he could hear a man and a woman arguing. He heard the
man first say, "Bitch, you trying to hit me? You can't drive." The woman replied,
"Motherfucker, you didn't get out of the way." The argument continued and he soon
heard several gunshots. He ran back to the area he had come from and saw the red
car with two people in it backing out quickly. The man with the boots, later
identified as Martinez, was lying on the pavement.

 From this testimony, the jury could have inferred that appellant, who was
driving, nearly hit Martinez with her car. Further, a reasonable jury could find that
this act, independently or combined with appellant swearing at Martinez, provoked
the attack from Martinez that appellant described in her own testimony. Cf. Smith,
965 S.W.2d at 514-15, 518. (holding act of merely continuing loud argument
sufficient to meet first provocation element).

 We next address whether the provoking act was reasonably calculated to cause
an attack. An act is reasonably calculated to cause an attack if it is reasonably
capable of causing an attack, or if it has a reasonable tendency to cause an attack. 
Smith, 965 S.W.2d at 517. Some provoking acts or words can by their own nature be
legally sufficient to support a jury finding on calculation. Id. at 517 (suggesting that
calling someone a "son of a bitch" would qualify). Alternately, the act or words taken
in conjunction with the relationships involved and surrounding circumstances can
provide the basis for such a finding. Id. at 517. A reasonable jury could find that
appellant's act of almost hitting Martinez with a car, especially after the previous
confrontations of the night, could be reasonably calculated to cause an attack.

 Finally, we address the intent element. There was evidence that appellant
drove home to pick up her handgun before seeking out Martinez at the apartments. 
Such action tends to support an inference that appellant's provoking act was done
with the intent of creating a pretext for the shooting. Cf. id. at 515-16 (discussing
facts of Rogers v. State, 71 Tex. Crim. 271, 159 S.W. 44, 49 (1913), and Stanley v.
State, 625 S.W.2d 320, 323 (Tex. Crim. App. 1981)). Additionally, evidence
suggested that appellant shot Martinez multiple times while he was already on the
ground. Such overkill can also illuminate the intent element of provocation. See id.
at 518 (noting 24 stabbings in Matthews v. State, 708 S.W.2d 835, 838 (Tex. Crim.
App. 1986)). The evidence was sufficient for the jury to find that appellant had the
requisite intent.

 The evidence was sufficient to support a jury charge on provocation. We
overrule appellant's third point of error.

 We affirm the judgment.

 






 Michael H. Schneider

 Chief Justice


Panel consists of Chief Justice Schneider and Justices Jennings and Wilson. (3)

Do not publish. Tex. R. App. P. 47.
1. The court used a section of the jury charge as the basis of its oral
admonishment given prior to Boone's testimony. The complete oral
admonishment on the issue was as follows:


 You are instructed, if there is any evidence presented in
this case regarding the defendant committing any offense
or offenses other than the offense alleged here in the
indictment, you may not consider such evidence for any
purpose whatsoever unless you find and believe beyond a
reasonable doubt that the defendant committed such other
offense or offenses, if any. And even then, you may only
consider the same in determining the intent, if any, in
connection with the offense alleged against her in the
indictment and for no other purpose.
2. The doctrine of provocation is codified in Penal Code section 9.31(b)(4). 
Smith, 965 S.W.2d at 513. Although not specifically stated in the
statute, the common law element of intent is still required. Id. at 514.
3. The Honorable Davie L. Wilson, retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.