NO. 07-03-00390-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 29, 2003



______________________________




IN THE MATTER OF


LOREEN ANN MAYEUX AND DOUGLAS WAYNE MAYEUX






_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 67,510-D; HONORABLE RICHARD DAMBOLD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Proceeding pro se, appellant Douglas Wayne Mayeux filed a notice of appeal
challenging the trial court's order of June 26, 2003. On September 24, 2003, the trial court
clerk filed a request for extension of time to file the clerk's record indicating Mayeux's intent
not to pay the remaining balance for the record because he no longer wished to prosecute
this appeal. As a precaution, by letter dated September 24, the clerk was granted an
extension and Mayeux was directed to certify to this Court by Tuesday, October 14, 2003,
whether he had complied with the Texas Rules of Appellate Procedure, noting that failure
to do so might result in dismissal. Tex. R. App. P. 37.3(b). Mayeux did not respond and
the clerk's record has not been filed.

 Accordingly, the appeal is hereby dismissed for want of prosecution and failure to
comply with this Court's directive. Tex. R. App. P. 42.3(b) & (c).

 Don H. Reavis

 Justice



les/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-07-0128-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 25, 2010

________________________

 

JOHN KEVIN OAKES,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

__________________________

 

FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY;

NO. 0955781D;
HONORABLE SCOTT WISCH, JUDGE

___________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant John Kevin Oakes appeals from his
conviction for murder and the resulting sentence of twenty years confinement in
the Institutional Division of the Texas Department of Criminal Justice.  Via four points of error, appellant contends
the trial court reversibly erred.  We disagree,
and affirm.

 

 

Background

By indictment, appellant was charged with
intentionally or knowingly causing the death of Ronnie Oakes by shooting him
with a firearm.[1]  Following appellant=s plea of not guilty, the case was tried to a jury.  The
States evidence showed that on October 21, 2004, appellant fatally shot his
brother, Ronnie.  Appellant had been
estranged from his family but on that evening, happened to run into Ronnie at a
local bar.  After talking and drinking
for a while, appellant and Ronnie left the bar together and went to their
mothers home.  While in front of the
home, appellant argued with his mother and the brothers engaged in a fist fight
during which Ronnie yelled that he was going to kill appellant.[2]  Appellant went to his truck and retrieved a
handgun.  Appellant fired a shot in the
air and his mother Elma pleaded with her sons to act reasonably.[3]  Elma stood between her sons, attempting to
block Ronnie from appellant.  As Ronnie
came toward him, telling him he would stop him from shooting anyone, appellant,
with his mother standing just to his left, raised his arm and shot Ronnie in
the chest, killing him.

 

Over appellants defensive theory of
self-defense at trial, the jury found him guilty as charged in the indictment
and assessed punishment at twenty years imprisonment.  Appellant timely filed his notice of appeal.[4]

Analysis

Extraneous Offense 

By his first point of error, appellant
contends the trial court reversibly erred by admitting evidence of an extraneous
offense occurring outside a bar in Arizona in 2006, some two years after the shooting
of his brother.  Appellants objection at
trial included relevance grounds, and those under Rules 404(b) and 403.[5]  On appeal he similarly contends evidence of the
offense was inadmissible because it was too dissimilar and too far removed in
time from the offense being tried.  We
disagree.

In the 2006
offense, appellant was out drinking with several other individuals at the end
of the work day.  Two brothers, Rick and
Robert, began arguing and appellant and another individual attempted to
intervene.  Appellant told the brothers
to Aknock it off@ and the men got into a vehicle. 
The two brothers began arguing again and Rick started to reach for
Robert.  Appellant physically tried to
stop him and verbally engaged both brothers, at one point threatening to cut
[Ricks] head off.  Appellant then cut
Rick in the throat.[6] 


Rule 404(b)

Rule of
Evidence 404(b) provides that evidence of other crimes, wrongs or acts is not
admissible to prove the character of a person in order to show action in
conformity therewith, but such evidence may be admissible to show Amotive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident.@  Tex. R. Evid. 404(b).  Appellant received
his requested jury instruction on self-defense.[7]  An extraneous
offense may be used to rebut a defensive theory, such as self-defense, even
though this purpose is not mentioned in Rule 404(b).  Crank v. State, 761 S.W.2d 328, 341 (Tex.Crim.App. 1988); Halliburton v. State, 528
S.W.2d 216, 219 (Tex.Crim.App. 1975).  Here, appellant testified he was not trying to kill his
brother, only to keep his brother from killing him.  In order to refute appellants claim, it
became relevant for the State to show that on another occasion appellant used a
knife to cut a man, without provocation or threat of harm to himself.  Thus, the 2006 offense was relevant under Rule 401 to rebut
appellant=s self-defense theory, and his
testimony claiming no intent to kill Ronnie.  Tex. R. Evid. 401; Salazar v. State, 222 S.W.3d 10, 15 (Tex.App.Amarillo
2006, pet. refd); Lemmons
v. State, 75 S.W.3d 513, 523 (Tex.App.BSan Antonio
2002, no pet.); Robinson v. State, 844 S.W.2d 925, 929 (Tex.App.BHouston [1st
Dist.] 1992, no pet.).

Rule 403

Under Rule of Evidence 403,
evidence that is relevant may be excluded if its probative value is Asubstantially outweighed by the
danger of unfair prejudice, confusion of the issues, or misleading the jury, or
by considerations of undue delay, or needless presentation of cumulative
evidence.@ 
Tex. R. Evid.
403.  When conducting
the balancing test under Rule 403, the trial court determines whether the
probative value of the evidence is substantially outweighed by one of the
countervailing considerations listed in the rule.[8] Rule 403 favors the admission of
relevant evidence and carries a presumption that relevant evidence will be more
probative than prejudicial.  Montgomery v. State, 810 S.W.2d 372, 389 (Tex.Crim.App. 1990) (op. on reh=g).

        We have already determined the 2006
offense was relevant to rebut appellants self-defense theory and his testimony
regarding his intent.  We also find the
2006 offense to be sufficiently similar to the 2004 offense so as to be of
significant probative value to rebut appellants self-defense claims and
testimony. See Rogers v. Peeler, 146 S.W.3d 765, 776
(Tex.App.BTexarkana 2004, no pet.) (extraneous
offenses admissible in self-defense case). In both incidents, appellant was
drinking and involved in a confrontation with a person he knew, a co-worker in
the 2006 incident and his brother in the 2004 incident.  In both incidents, appellant used a weapon
capable of inflicting serious bodily injury, a knife in the 2006 offense and a
gun in the 2004 offense.  In both
instances, appellant engaged in an argument with the victim prior to using the
weapon.  In both altercations, the victim
was unarmed.  Additionally, while
appellant asserts Rick provoked the difficulty in the 2006 incident, we cannot
agree the record before us supports the assertion.  We find also the two-year length of time
between the offenses is not so significant that it weighs against the probative
value of the evidence.  See Rogers,
146 S.W.3d at 776 (finding thirteen and fourteen year separation between the
prior violent acts and the act for which the defendant was prosecuted weighed
against the probative value of the evidence).

The
prejudicial effect of evidence of the 2006 offense was minimized by the courts
proper instruction limiting the jurys consideration to its specific
purpose.  Morrow v.
State, 735 S.W.2d 907, 912 (Tex.App.Houston [14th
Dist.] 1987, pet. refd); Robinson, 701 S.W.2d
at 899.  We also find no attempt by
the State to over-emphasize or inflame the jury with the extraneous offense.
The State was brief in its reference to the 2006 incident and used it only for
its limited purpose and as a point of comparison to the offense for which
appellant was tried.  Morrow, 735 S.W.2d at 912.  Lastly,
although the jury convicted appellant of murder, the twenty-year sentence
imposed suggests the jury was not unduly influenced by the introduction of the
2006 offense evidence.  Tex. Penal Code
Ann. ' 12.32 (Vernon 2003) (providing
applicable range of punishment for a first degree felony as any term of not
more than 99 years or less than 5 years).








After
careful consideration of all the facts and circumstances of this case, we find
the probative value of the evidence concerning the 2006 offense was not substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence.   Appellant=s first point of error is overruled.

Jury Charge on
Provoking the Difficulty








Through
appellant=s second point of error, he contends
the trial court reversibly erred by including an instruction on Aprovoking the difficulty@ in the jury charge.  Over appellants objection that no evidence
or rational inference supported the instruction, the trial court concluded that
appellants action of obtaining his pistol from his truck and firing it into
the air could be seen as provoking his brother to further aggression,
particularly in view of the effort required of appellant to remove the pistol
from its carrying case in the truck.  In
its section concerning self-defense, the courts charge effectively instructed
the jury, in pertinent part, that a defense of self-defense was not available
to appellant if the jury found beyond a reasonable doubt appellant did display
and discharge a firearm with the intent to produce the occasion for killing
Ronnie and to bring on the difficulty with him, that the conduct was reasonably
calculated to, and did, provoke a difficulty, and appellant killed Ronnie in
pursuance of his original design.

On
appeal, appellant argues there was no showing that his intent by shooting into
the air was to induce Ronnie to charge him. 
Appellant further asserts that because appellant had been Abeaten bloody@ by Ronnie, there is Ano way he could=ve made a reasonable calculation
to provoke the difficulty by firing a shot into the air.@ 
Instead, he argues his action of firing a shot into the air was an
attempt to abandon the difficulty.

Provoking
the difficulty can limit or bar a defendant=s right to the benefit of self-defense.  Tex. Penal Code Ann. ' 9.31(b)(4)
(Vernon 2003); Smith v. State, 965 S.W.2d 509, 512 (Tex.Crim.App.
1998) (Penal Code § 9.31(b)(4) codifies doctrine of provocation); see Dorsey
v. State, No. 01-08-00411-CR, 2009
Tex.App. LEXIS 8370 (Tex.App.--Houston [1st Dist.) 2009 no pet.); Harrod v. State,
203 S.W.3d 622, 628-29 (Tex.App.BDallas 2006,
no pet.) (both applying Smith).  An instruction on provocation is proper when
the evidence, viewed in the light most favorable to giving the instruction,
would permit a rational jury to find beyond a reasonable doubt:  (1) the defendant did some act or said some
words that provoked the attack on him; (2) the act or words were reasonably
calculated to instigate the attack; and (3) the defendant did the act or said the words meaning and intending that the
defendant would have a pretext for harming the victim.  Smith,
965 S.W.2d at 513. 
Each of the factors is a fact question.[9]  Id. at 514-18.    

Here, it is undisputed that
Ronnie first physically attacked appellant, and there is evidence he was
approaching appellant again when he was shot. 
Appellant testified that as his brother came charging toward him after
he fired the gun, Ronnie said, Youre
not going to shoot anybody . . . Im going to stop you.  He testified he believed his brother then
intended to make good on his threat to kill appellant, which Ronnie made
earlier during their fight.  He said his
brother was not armed but he believed him capable of killing with his bare
hands.  A
rational jury well could have found appellants actions of retrieving the gun
from his truck and firing it into the air caused his brother to take the action
appellant said caused him to fear for his life, and appellants actions were
reasonably calculated to elicit such a response from his brother.  See
Smith, 965 S.W.2d at 517 (act is reasonably calculated to cause an attack
if it has a reasonable tendency to do so). 
Accordingly, we find the evidence readily meets the first two elements
of provocation. 

Application
of the third element of the doctrine of provocation to these facts requires
evidence that appellant retrieved and fired the gun for the purpose and with
the intent to give him a pretext for shooting his brother.  Even though a person does an act, even a
wrongful act, that provokes an attack by another, if he lacked the intent that
the act would have such an effect as part of a larger plan of doing the victim
harm, he does not lose his right of self-defense.  Smith,
965 S.W.2d at 518. 
Intent is
a matter of fact, to be determined from all of the circumstances.  A defendant's intentions are concealed
within his own mind and can only be determined from his words, acts, and
conduct."  Id.  

The
evidence here, viewed in the light most favorable to the instruction, shows Ronnie
and appellant engaged in a fist fight after drinking at a bar.  Appellant acknowledged he was intoxicated. There
was a history of animosity between the brothers.  Appellant and his mother also were somewhat
estranged.  While appellant and his
mother argued, Ronnie took appellant=s keys and threw them away.  The brothers began to fight.  Appellant was beaten and both brothers
suffered injury.  At one point during the
fight, Ronnie told appellant he was going to kill him.  Although appellant testified he could not
remember doing so, the evidence was clear that appellant then went to his truck
and retrieved a handgun.  He fired a shot
in the air, after which Ronnie came straight at appellant and closed the space
between them, according to appellant, Ain the blink of an eye.@ 
The brothers continued to fight verbally.  The fight ended when appellant shot Ronnie in
the chest, causing his death.  

The
jury rationally could have seen appellants conduct with the gun as escalating
the fight, causing it to continue rather than be abandoned.  Appellant agreed that he intentionally
pointed his gun at Ronnie, intentionally pulled the trigger when Ronnie was
right in front of appellant, and intentionally shot Ronnie.  Looking to all the circumstances, a rational
jury also properly could conclude that appellant retrieved and fired his pistol
with the intention of provoking his brother into further fighting, so that
Ronnies response would justify his shooting.  Smith, 965 S.W.2d at
519.  

Viewing
the evidence, as we must, in the light most favorable to the instruction, we
find the evidence sufficient to support the trial court=s inclusion of the instruction.  We overrule appellant=s second issue.

 Failure to Grant Mistrial

In
appellant=s third point of error, he
contends the trial court erred by refusing to grant his request for a mistrial during
the States closing argument.  Appellant
complains of three statements made by the prosecutor:  (1) AI want to preface it by saying
that when you call a witness, you=re saying three things, number
one, you=re saying I believe that person@; (2) A[t]he truthful person says Ayeah I checked it, so what?= But the untruthful person knows
the significance of that act@; and (3) AMarco and Manny.  Is the only impeached statement that Defense
can point to is the screen?  Oh,
goodness, oh, no, they disagreed about whether there was a screen or not.  Wow. 
Man, that=s self-defense, he didn=t do it, not guilty.  Is that the only thing that he can point to to contradict his statement?@ The trial court sustained appellants objections to the first two
statements, and instructed the jury to disregard them, reminding the jury that what
the lawyers say is not evidence.  As to
the third statement, by which the prosecutor was belittling appellants efforts
to point out contradictions between two witnesses versions of events,
appellant objected that the State was Astriking at Defendant over the
shoulders of counsel . . . misstating the record and asking the jury to
disregard other testimony about contradictions in the statements . . . .@ The trial court sustained
appellant=s objection as to any attack on
defense counsel and again instructed the jury to disregard.  On all three occasions, the court denied
appellants requests for mistrial.

            Considering each of the prosecutors
remarks in their contexts, we do not find them, singly or together, so
inflammatory that any prejudicial effect could not be removed by the courts
admonition to the jury to disregard them. 
The court did not err by denying a mistrial.  See Andujo v.
State. 755 S.W.2d 138, 144 (Tex.Crim.App. 1988)
(any injury from improper argument ordinarily cured by instruction to disregard).
We overrule appellant=s third point of error.

Admission of
Photograph

In
appellant=s last point of error, he
complains of the admission of a particular photograph admitted at trial. The
admissibility of a photograph is within the sound discretion of the trial
judge.  Ramirez v.
State, 815 S.W.2d 636, 646-47 (Tex.Crim.App.
1991).  We may consider several
factors in determining whether the probative value of photographic evidence is
substantially outweighed by the danger of unfair prejudice.  These factors include, but are not limited
to: the number of exhibits offered, their gruesomeness, their detail, their
size, whether they are black and white or color, whether they are close-up, and
whether the body is depicted naked or clothed. 
Robinson, 844 S.W.2d at 928, citing Long v.
State, 823 S.W.2d 259, 271-73 (Tex.Crim.App.
1991).  The availability of other
means of proof and the circumstances unique to each individual case must also
be considered.  Id. 








State=s Exhibit 54 is a single black
and white photograph showing a side view of Ronnie=s upper torso and head, an endotracheal tube protruding from his mouth, EKG pads, and
certain identifying information.  A
similar photograph, Exhibit 50, was admitted at trial without objection.
However, Exhibit 54 included identifying information not included in the other
admitted autopsy photographs.  Appellant
was charged with intentionally killing Ronnie by shooting him in the
chest.  The State was required to prove
that a death of a particular individual had occurred in the manner
alleged.  The photograph helped supply
such proof and thus had a Atendency to make the existence
of [a] fact that is of consequence to the determination of the action more
probable . . . than it would be without the evidence.@ 
Tex. R. Evid. 401,
Robinson, 844 S.W.2d at 927.

The
challenged photograph is no more gruesome or prejudicial than other photographs
admitted at trial.  See Robinson, 844 S.W.2d at 928.  We
find the probative value of the photograph was not substantially outweighed by
its possible prejudicial effect.  Id.; Tex. R. Evid. 403.  We find no abuse of discretion in the
admittance of Exhibit 54, and overrule appellant=s fourth point of error.

Having
overruled each of appellant=s four points of error, we
affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.











[1]  See Tex.
Penal Code Ann. ' 19.02 (Vernon 2003). This is a first degree felony
punishable by imprisonment in the institutional division for life or for any
term of not more than 99 years or less than 5 years.  Tex. Penal Code Ann. '
12.32 (Vernon 2003).





[2] Appellant=s mother testified that after appellant called her a
name, Ronnie kneed appellant in the groin, grabbed him and started hitting
him.  She testified that she believed
Ronnie had killed appellant.  During
cross-examination, Elma acknowledged she did not know how many times Ronnie hit
appellant or what it takes to kill someone with bare hands.  





[3] Two neighbors heard this shot and witnessed the
events that followed.  One of them called
911 as he observed the events.  A
recording of this call was admitted into evidence.  





[4]  Following
appellant=s notice of appeal, appellant=s attorney died. 
We abated and remanded the appeal for appointment of a new attorney and
an opportunity for re-briefing.  See
Oakes v. State, No. 07-07-0128-CR, 2008 WL 449860 (Tex.App.BAmarillo February 19, 2008, no
pet.).  No additional briefs were received. 





[5]  The trial
court first sustained appellant=s objections with regard to the 2006 offense,
finding it Ajust too remote, too unrelated and it just doesn=t fit the clear, unequivocal 404(b) exceptions, based
on the current state of the record.@ After the defense rested, the court reconsidered
this evidence with regard to the State=s rebuttal and admitted it. The court provided an
instruction limiting the jurys consideration of the evidence to rebuttal of a
defensive theory and proof of appellants state of mind at the time and place
of the offense.  





[6]  Several
photographs depicting the injury to Rick were admitted at trial. State=s exhibit 94 shows blood on appellant=s hands.  





[7]  A defendant
has the burden of producing evidence to raise the issue of self-defense.  Zuliani v. State, 97 S.W.3d 589, 594 (Tex.Crim.App.
2003).  The State then has the
burden of persuasion to disprove the defense. 
Id.  This burden does not
require the production of evidence; rather, it requires only that the State
prove its case beyond a reasonable doubt. 
Id.  When the jury finds
the defendant guilty, there is an implicit finding against the defensive
theory.  Id. 





[8]
A trial court must balance (1) the inherent probative force of the
proffered item of evidence along with (2) the proponent's need for that
evidence against (3) any tendency of the evidence to suggest decision on an
improper basis, (4) any tendency of the evidence to confuse or distract the
jury from the main issues, (5) any tendency of the evidence to be given undue
weight by a jury that has not been equipped to evaluate the probative force of
the evidence, and (6) the likelihood that presentation of the evidence will
consume an inordinate amount of time or repeat evidence already admitted.  Casey v. State, 215
S.W.3d 870, 880 (Tex.Crim.App. 2007).





[9]
Earlier case law described the prerequisites to giving the
charge as follows: viewing the evidence in the most favorable light, a charge
on provoking the difficulty is properly given when: (1) self-defense is an
issue; (2) there are facts in evidence which show that the deceased made the
first attack on the defendant; and (3) the defendant did some act or used some
words intended to and calculated to bring on the difficulty in order to have a
pretext for inflicting injury on the deceased. 
Matthews v. State, 708 S.W.2d 835, 837-38 (Tex.Crim.App. 1986).