Opinion filed March 9, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00194-CR 

                                                    __________

 

                                ROSA SIFUENTES VIDAL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR29203

 



 

                                                                   O
P I N I O N

 

The jury convicted Rosa Sifuentes Vidal of
aggravated assault and assessed her punishment at twelve years in prison and a
$5,000 fine.  We affirm.

                                                               Background
Facts








On September 28, 2003, Carolina Lujan awoke from a
nap and discovered that her nephew had left the house with her automobile.  Lujan and her daughter left their home and
traveled to five area bars looking for her automobile.  They found Lujan=s
car parked at the Los Padrinos Bar at approximately 11:30 p.m.  Lujan asked Doris Olgin, the bar owner, to
retrieve her nephew. Approximately two minutes later, Lujan=s nephew came out in an extremely
inebriated condition. Lujan=s
nephew was accompanied by some women including appellant.

Lujan and appellant got into a fight.  During the fight, appellant grabbed Lujan=s hand and bit off part of her
finger.  Lujan developed an infection in
her injured finger and eventually required partial amputation of the finger.

At trial, appellant asserted self-defense. There
was considerable conflicting testimony concerning who was the aggressor.  Appellant called several witnesses who
testified that Lujan, not appellant, was the aggressor.  In rebuttal, the State introduced evidence
that appellant had previously gotten into an altercation with the owner of the
Dos De Oro Bar and had bitten his finger. 
The State also introduced evidence that on another occasion appellant
got into a fight at the Los Padrinos Bar and shoved a 69-year-old woman off of
a stool.

                                                                         Issues

Appellant challenges her conviction with two
issues.  Appellant argues the trial court
abused its discretion by admitting past acts of aggression by her and that the
evidence was factually insufficient to support her conviction.

                                                                      Discussion          

Was Evidence of Appellant=s
Prior Violent Acts Admissible?

We review the trial court=s
decision to admit or exclude evidence under an abuse of discretion
standard.  Green v. State, 934
S.W.2d 92, 101-02 (Tex. Crim. App. 1996). 
We will not reverse a decision that was within the Azone of reasonable disagreement.@ 
Id. at 102.








Appellant argues that the trial court abused its
discretion in admitting evidence of her prior acts of aggression.  A defendant=s
prior crimes or bad acts are generally inadmissible to prove that she has a bad
character or a propensity to commit the offense charged.  Robinson v. State, 844 S.W.2d 925, 928
(Tex. App.CHouston
[1st Dist.] 1992, no pet=n).  Such evidence, however, may be admissible for
other purposes, such as proof of motive, intent, plan, knowledge, or lack of
mistake or accident.  Tex. R. Evid. 404(b).  These exceptions are not exclusive or
exhaustive but are merely representative. 
Robinson, 844 S.W.2d at 929. 
When the accused raises a defensive theory, such as self-defense, the
State may introduce evidence of prior violent acts by the accused in order to
show her intent.  See Halliburton v.
State, 528 S.W.2d 216, 218 (Tex. Crim. App. 1975); see also Martin v.
State, 173 S.W.3d 463, 468 (Tex. Crim. App. 2005)(evidence of extraneous
offense admissible to rebut defense of consent).  In this case, appellant argued extensively
that the victim was the aggressor and that appellant was merely defending
herself.  The prior violent acts
presented by the State were, therefore, admissible to show appellant=s intent and to rebut her theory of
self-defense. 

Appellant also argues in her brief that the prior
violent acts were more prejudicial than probative.  Tex.
R. Evid. 403 provides, in relevant part, that Aevidence
may be excluded if its probative value is substantially outweighed by the
danger of unfair prejudice.@  A Rule 404(b) objection that evidence
constitutes an extraneous offense does not preserve error as to whether the
evidence is unfairly prejudicial.  Montgomery
v. State, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991).  A further objection on the basis of Rule 403
is required to preserve error on that issue. 
Id.  At trial, appellant=s objection was based on Rule 404(b),
and she did not make a further objection on the basis of Rule 403.  There is, therefore, no Rule 403 decision to
review. We overrule appellant=s
first issue on appeal.

Is the Evidence Factually Sufficient?

To determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak that the verdict is clearly
wrong and manifestly unjust or whether the evidence contrary to the verdict is
so strong that the beyond-a-reasonable-doubt burden of proof could not have
been met.  Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004).  We
review the fact-finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact-finder. Cain v. State, 958 S.W.2d 404 (Tex. Crim. App. 1997).  Due deference must be given to the
fact-finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex. Crim. App. 2000).

To prove appellant guilty of aggravated assault,
the State was required to establish beyond a reasonable doubt that appellant
intentionally, knowingly, or recklessly caused serious bodily injury to the
victim.  Tex. Pen. Code Ann. '' 22.01(a)(1), 22.02(a)(1) (Vernon Supp.
2005).

The State met its burden.  Lujan testified that appellant started the
fight by hitting Lujan in the mouth with her fist.  Lujan then testified that the two of them
began to struggle; and during the fight, appellant bit her finger.  There was also testimony from a medical
doctor that an infection developed in Lujan=s
finger as a result of this bite and that partial amputation of the finger was
required.








Appellant=s
argument is that Lujan was the actual aggressor in the fight and that appellant
was acting in self-defense.  Appellant
called several witnesses who supported this theory.  Despite this conflicting evidence, there is
nothing in the record to suggest that it was irrational for the jury to accept
the testimony of the victim and reject the testimony of appellant=s witnesses, many of whom were family
members of appellant.  The jury is the
sole judge of the credibility of the witnesses and of the weight to be given
their testimony, and the jury is entitled to accept one version of the facts
and reject another.  Tex. Code Crim. Pro. Ann. art. 36.13
(Vernon 1981), art. 38.04 (Vernon 1979); Penagraph v. State, 623 S.W.2d
341, 343 (Tex. Crim. App. 1981).  We
overrule appellant=s second
issue on appeal.

                                                                     Conclusion

The trial court did not err in admitting evidence
of prior violent acts committed by appellant, and the evidence was factually
sufficient to support appellant=s
conviction for aggravated assault.  The
judgment of the trial court is affirmed.

 

RICK STRANGE

JUSTICE

 

March 9, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and, Strange, J.