Mario Herrera PONCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–00864–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 9, 2003.

Richard Edward "Dick" Wheelan, Houston, for Appellant.

Dan McCrory, Asst. Dist. Atty., Charles A. Rosenthal, Jr., Dist. Atty.–Harris County, Houston, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and HIGLEY.

## OPINION

ADELE HEDGES, Justice.

A jury found appellant, Mario Herrera Ponce, guilty of the felony offense of aggravated assault and found that he used a deadly weapon, a firearm, during the commission of the offense. The trial court assessed punishment at 10 years confinement and a $10,000 fine. In two points of error, appellant contends that (1) the evidence was factually insufficient to support his conviction, and (2) he was denied the opportunity to voir dire and challenge venirepersons regarding their ability to follow the law on punishment.

### Factual Background

On November 16, 1992, appellant was parked outside Olga Sanchez's apartment. Appellant and Sanchez had been in a previous relationship and had a child together. The child and Florberta Ravanales, appel-

lant's sister, lived in the apartment with Sanchez. Appellant had come to visit his child. While he was waiting, Sanchez and her boyfriend, Mario Prichard, the complainant, arrived and entered the apartment.

The complainant then left the apartment and approached appellant's truck. Appellant and the complainant exchanged words and engaged in a physical confrontation. As the argument ensued, appellant pointed a gun at the complainant. The two struggled for control of the gun and it went off, shooting the complainant in the head. Appellant fled to Mexico, and was later arrested on September 8, 2000, in North Carolina.

### Sufficiency of the Evidence

In his first point of error, appellant contends that the evidence was factually insufficient to support his conviction. In reviewing the factual sufficiency of the evidence, we examine all of the evidence in a neutral light and ask whether proof of guilt is so obviously weak or greatly outweighed by contrary proof as to indicate that a manifest injustice has occurred. *King v. State*, 29 S.W.3d 556, 563 (Tex. Crim.App.2000). In conducting our analysis, we must avoid substituting our judgment for that of the fact finder. *Id.* The trier-of-fact is the sole judge of the weight and credibility of witness testimony. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim.App.2000).

A person commits aggravated assault if he intentionally, knowingly, or recklessly causes serious bodily injury to another, or intentionally or knowingly threatens or injures another with a deadly weapon. See TEX. PEN.CODE ANN. §§ 22.01, 22.02(a)(2) (Vernon 2003). A deadly weapon is defined as a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of use or intended use is capable of causing death or serious bodily injury. TEX. PEN. CODE ANN. § 1.07(a)(17) (Vernon 2003).

Appellant contends that the evidence is factually insufficient to support the finding that he intentionally shot the complainant. Appellant contends that the pistol accidentally fired when the two men were struggling for the gun.

### Intent

"Proof of a defendant's mental state must almost always depend upon circumstantial evidence." *Varnes v. State*, 63 S.W.3d 824, 833 (Tex.App.-Houston [14th Dist.] 2001, no pet.). The specific intent to kill may be inferred from the use of a deadly weapon, unless from the manner of its use, it is reasonably apparent that death or serious bodily injury could not result. *Butler v. State*, 981 S.W.2d 849, 853 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd). The Texas Penal Code defines a firearm as a deadly weapon. See TEX. PEN.CODE ANN. § 1.07(a)(17)(A) (Vernon 2003).

The circumstantial evidence supporting the finding that appellant intentionally shot the complainant is not so greatly outweighed by contrary proof as to indicate that a manifest injustice has occurred. Sanchez and Ravanales testified that they saw appellant and the complainant arguing and fighting. Appellant testified that he grabbed a pistol from his glove compartment and pointed it at the complainant. The two men struggled for the gun and two shots were fired. The complainant sustained a shot to the head. Appellant drove over the complainant's head as he fled the scene in his vehicle.

### Self–Defense

Appellant also contends that he was acting in self defense. To support his argu-

ment, appellant testified that he had recently argued with the complainant over the phone. According to appellant, the complainant threatened to kill him during the phone conversation. He said that on the night of the shooting, he saw the complainant stop at his vehicle and get what he thought was a weapon.

The jury is entitled to judge the credibility of the witnesses and may choose to believe all, some, or none of their testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986). The jury could have believed appellant's testimony, and disbelieved the complainant's testimony. Based on all the evidence, we conclude that proof of appellant's guilt is not so obviously weak or greatly outweighed by contrary proof as to indicate that a manifest injustice has occurred.

We overrule appellant's first point of error.

### Voir Dire on Punishment

In his second point of error, appellant contends that he was denied the opportunity to voir dire and challenge venirepersons under Article I, Section 10 of the Texas Constitution and Article 35.16(a)(2) of the Code of Criminal Procedure concerning their ability to follow the law on punishment. A brief recitation of the pertinent facts is appropriate.

On July 15, 2002, before voir dire began, the trial court informed appellant that he would only be able to receive probation from the court. With the court aware he was relying on this information, appellant requested a jury trial, but elected to have the court assess punishment. During voir dire, the court informed the jury that they would not be assessing punishment in the event appellant was found guilty.

On July 16, 2002, at the close of the guilt/innocence phase, but before delibera-

tion, the court informed appellant that it had given him misinformation. The court explained that in the event appellant was found guilty of an offense and the jury made a special finding that he used a deadly weapon, he would be ineligible to receive probation from the court. *See* TEX. CODE CRIM. PROC. ANN. Art. 42.12 (Vernon Supp.2003) (community supervision not allowed if defendant used a deadly weapon in commission of offense). However, if he elected to have the jury assess punishment, it could consider probation. *Id.* The court allowed appellant to change his election from having the court assess punishment to having the jury assess punishment. The court and appellant's counsel explained to him that, during jury selection, neither the court nor appellant's counsel had the opportunity to discuss punishment with the jury. Upon understanding that he would not be able to voir dire the jury concerning the issue of probation at that point, appellant elected to have the jury assess punishment.

A timely motion at trial is required in order to preserve error. TEX.R.APP. P. 33.1(a)(1); *Thomas v. State*, 884 S.W.2d 215, 216 (Tex.App.-El Paso 1994, pet. ref'd). A motion must be "raised at the earliest opportunity" or "as soon as the ground ... becomes apparent" to be timely. *Thomas*, 884 S.W.2d at 216. Appellant did not object or move for a mistrial after he was informed of the consequences of the trial court's mistake. Appellant's complaint is therefore untimely. TEX. R.APP. P. 33.1(a)(1).

In a similar case, the Dallas Court of Appeals determined that a defendant's failure to properly object waived his complaint about erroneous advice he received that impacted his election as to who would assess his punishment. *See, e.g., Payne v. State*, No. 05–91–01532–CR, 1993 WL 147101, (Tex.App.-Dallas April 26, 1993, no

pet.) (not designated for publication). We hold that appellant, by failing to properly object or move for a mistrial, waived his complaint on appeal.

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.