Affirmed and Memorandum Opinion filed August 10, 2004









Affirmed and Memorandum Opinion filed August 10, 2004.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-01068-CR

____________

 

MARK DIOGU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 910,297

 



 

M E M O R A N D U M   O P I N I O N

Appellant Mark Diogu was convicted by a
jury of aggravated assault with a deadly weapon and sentenced to five years= community
supervision.  In this appeal, appellant
contends the trial court erred in admitting evidence of extraneous offenses and
in refusing his requested charge on the lesser-included offense of misdemeanor
assault.[1]  We affirm.








                                          FACTUAL
BACKGROUND

On April 28, 2002, there was an
altercation at a gas station involving appellant and two of his friends
(Dedrick Moore and Jeb Carter) on the one hand and Richard Sydenstricker, the
complainant, and two of his coworkers (Daniel Stout and Chase Hall) on the
other.  The specific details of what
happened are hotly disputed. 
Sydensticker, Carter, Hall, and appellant had been involved in an
altercation several weeks earlier in which Sydenstricker had broken Carter=s nose.  Sydenstricker said he got a pipe wrench to
defend himself after appellant and Carter came after him with metal pipes when
they saw him at the gas station.  At some
point, Sydenstricker threw the wrench and went inside the gas station
store.  According to Sydenstricker,
appellant and Carter then came inside the store and hit him with the
pipes.  Carter admitted hitting
Sydenstricker, but appellant insisted he never hit Sydenstricker.  Appellant claimed to be scared of
Sydenstricker because of the earlier altercation and said he was using the pipe
only to scare Sydenstricker and to defend himself.

At trial, over defense counsel=s objection, the
State offered testimony from several witnesses regarding appellant=s violent temper
and aggression on two occasions other than the incident in question.  A Webster Police Department officer testified
regarding an incident in which appellant, who was in custody for another
offense, became aggressive and violent, yelling at and pushing several
officers.  Five other witnesses testified
about a second incident at the pretrial services office where appellant tried
to flee from custody, eventually requiring about twelve officers to subdue
him.  During this incident, appellant
kicked at least two officers, hit another in the mouth and threatened to beat
her with handcuffs, and bit another officer on the thigh.  The witnesses confirmed that appellant was
the aggressor on both of these occasions.

                                                              








                                                      ANALYSIS

Extraneous
Offenses      

In four points of error, appellant alleges
the trial court erred in admitting evidence of his conduct at the pretrial
services office and at the Webster Police Department.  The State introduced this evidence in
response to appellant=s claim that he acted in self-defense.

Upon timely objection to evidence of other
crimes, wrongs, or acts, the proponent of the evidence must persuade the trial
court that (1) the extraneous evidence is admissible under Rule 404(b) and (2)
the probative value of the evidence substantially outweighs the danger of
unfair prejudice to the defendant under Rule 403.  Montgomery v. State, 810 S.W.2d 372,
387B88 (Tex. Crim.
App. 1991) (op. on reh=g). 
We review the trial court=s admission of an
extraneous offense for an abuse of discretion. 
The trial court does not abuse its discretion as long as its ruling is
within the zone of reasonable disagreement.  Id. at 391.

Rule 404(b)

Under Rule 404(b), evidence of extraneous
offenses is admissible if it is relevant apart from or beyond character
conformity, such as to establish motive, opportunity, or intent or to rebut a
defensive theory.  Id. at 387B88.  If the trial court determines the offered
evidence has such relevance, it may admit the evidence and instruct the jury
that the evidence is limited to the specific purpose the proponent advocated.[2]  Id. 








When the accused claims self-defense, the
State may introduce evidence of other violent acts where the defendant was the
aggressor to show the defendant=s intent.  Johnson v. State, 932 S.W.2d 296, 302
(Tex. App.CAustin 1996, pet ref=d) (cited with
approval in Rogers v. State, 105 S.W.3d 630, 633 n.4 (Tex. Crim. App.
2003)); Robinson v. State, 844 S.W.2d 925, 929 (Tex. App.CHouston [1st
Dist.] 1992, no pet.)(also cited with approval in Rogers); see also
Halliburton v. State, 528 S.W.2d 216, 219 (Tex. Crim. App. 1975) (op on reh=g); Morrow v.
State, 735 S.W.2d 907, 909 (Tex. App.CHouston [14th
Dist.] 1987, pet. ref=d). 
In this case, appellant asked for and received an instruction on
self-defense in the charge.  The extraneous-offense
evidence tended to make it less probable that appellant was acting in
self-defense and more probable that he was the first aggressor.  Because the extraneous-offense evidence was
relevant to disprove appellant=s claim of
self-defense, we cannot say the trial court abused its discretion in admitting
the evidence on this basis.  See Robinson,
844 S.W.2d at 929.

Rule 403

Although admissible under Rule 404(b), the
same evidence may be inadmissible under Rule 403 if the probative value of such
evidence is substantially outweighed by unfair prejudice.[3]
 Montgomery, 810 S.W.2d at
388.  Having found that the trial court
did not abuse its discretion in determining that the extraneous-offense
evidence has some relevance apart from showing appellant=s bad character,
we now examine whether the trial court conducted a proper Rule 403 analysis.

An appellate court reviews the trial court=s ruling on
whether to exclude evidence under Rule 403 by an abuse-of-discretion
standard.  Id. at 391.  To determine if the trial court operated
within the boundaries of its discretion in deciding whether the prejudice of an
extraneous offense outweighs its probative value, the appellate court must look
to the Montgomery-Mozon factors.  See
Manning v. State, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).  Those factors are as follows:

(1) how compellingly the extraneous
offense evidence serves to make a fact of consequence more or less probableCa factor which is related to the
strength of the evidence presented by the proponent to show the defendant in
fact committed the extraneous offense; 

(2) the potential the other offense
evidence has to impress the jury Ain some irrational but nevertheless indelible way@;

(3) the time the proponent will
need to develop the evidence, during which the jury will be distracted from
consideration of the indicted offense; and








(4) the force of the proponent=s need for this evidence to prove a
fact of consequence, i.e., does the proponent have other probative
evidence available to him to help establish this fact, and is this fact related
to an issue in dispute.

Id.

Under the Rule 404(b) analysis, we
concluded the evidence did make facts of consequence more probable.  The evidence showed that appellant was very
violent and aggressive on two prior occasions, even to the point of striking
and biting police officers.  This
compelling evidence rebutted appellant=s claim that he
acted only in self-defense when he struck Sydenstricker with a metal pipe.  With respect to the second factor, the Court
of Criminal Appeals has stated that the concern here is only with the danger of
Aunfair@ prejudice.  Manning, 114 S.W.3d at 927.  In this case, the evidence was obviously
prejudicial to appellant, but it was not unfairly prejudicial because it
rebutted appellant=s claim of self-defense.  Nor did it have a great potential to impress
the jury in an irrational way.  The State
was able to develop the testimony relating to the extraneous offenses quickly
and efficiently at the end of the trial. 
Thus, we do not find the proportion of time spent detailing and proving
up the extraneous offense to be significant. 









As for the fourth and final factor, the
issue of appellant=s intent to commit an assault (as opposed
to defending himself) was in considerable dispute.  Therefore, the probative value of this
evidence of two prior acts of violent aggression increased.  See Robinson v. State, 701 S.W.2d 895,
899 (Tex. Crim. App. 1985); Morrow, 735 S.W.2d at 911B12.  Appellant argues that the other incidents are
not probative because they are not similar in nature to the incident in
question.  We disagree.  Similarity is relevant to probative value,
but it is not determinative.  See
Halliburton, 528 S.W.2d at 219.  When
the defendant=s identity is at issue, a high degree of
similarity is required, but in intent cases, such as when self-defense is the
issue, the degree of similarity required is much less.  See Plante v. State, 692 S.W.2d 487,
492B93 (Tex. Crim.
App. 1985); Johnson, 932 S.W.2d at 302; Morrow, 735 S.W.2d at 909B11.  Here, the extraneous offenses are similar to
the charged offense and are therefore probative on the critical point at issue C the appellant=s status as an
aggressor.  See Plante, 692 S.W.2d
at 491.  This is consistent with the
general principle that when defendant raises self-defense, other acts of
violent aggression are relevant to show intent. 
See Halliburton, 528 S.W.2d at 219; Johnson, 932 S.W.2d at
302; Robinson, 844 S.W.2d at 929.

All four of the Montgomery-Mozon
factors weigh in favor of admissibility. 
We also note that the trial court gave an appropriate limiting
instruction, as requested by appellant, which further diminished the
prejudicial impact of the evidence.  Morrow,
735 S.W.2d at 912.  Thus, the trial court
did not abuse its discretion in admitting the extraneous-offense evidence
concerning appellant=s prior acts of violent aggression.  We overrule appellant=s first, second,
third, and fourth points of error.

Lesser-Included
Offense Instruction

In his fifth point of error, appellant
contends the trial court erred in refusing to grant his requested charge on
misdemeanor assault, a lesser-included offense. 
The State=s theory was that appellant threatened
Sydenstricker with a deadly weapon, the metal pipe.  Appellant contends that he was entitled to
the charge because of evidence that (1) he did not hit Sydenstricker, (2) he
intended only to scare Sydenstricker, and (3) Sydenstricker did not feel
threatened.[4]








A two-prong test applies to determine if a
defendant is entitled to a lesser-included offense instruction.  First, the lesser-included offense must be
included within the proof necessary to establish the offense charged.  Second, some evidence must exist in the
record that would permit a jury rationally to find that if the defendant is
guilty, he is guilty only of the lesser-included offense.  See Lofton v. State, 45 S.W.3d 649,
651 (Tex. Crim. App. 2001).  A person
commits an assault if he intentionally or knowingly threatens another with
imminent bodily injury.  See Tex. Pen. Code Ann. ' 22.01(a)(2)
(Vernon Supp. 2004).  An assault becomes
aggravated if, inter alia,  the
actor Auses or exhibits a
deadly weapon during the commission of the assault.@  See Tex.
Pen. Code Ann. ' 22.02(a)(2) (Vernon Supp. 2004).  Here, there is no dispute that assault is
within the proof necessary to establish the offense of aggravated assault.  See Moreno v. State, 38 S.W.3d 774,
778 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  Thus, we consider only whether there is some
evidence in the record that if appellant is guilty, he is guilty only of the
lesser-included offense.

The officer on the scene testified that
the metal pipes involved in the altercation could cause death if used for a
blow to the head.  Appellant admitted
that the pipe he wielded could be a deadly weapon.  Appellant=s evidence that he
only intended to scare Sydenstricker with this deadly weapon does not establish
that if he was guilty, he was guilty only of the offense of assault.[5]  In other words, appellant has no evidence
negating the factor that aggravated his assault, namely, using or exhibiting a
deadly weapon.  Because that evidence
would not allow the jury to find that he was guilty of only assault and not
aggravated assault, appellant was not entitled to a misdemeanor assault
instruction.  We overrule point of error
five.

Having overruled appellant=s points of error,
we affirm the trial court=s judgment. 

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed August 10, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant
filed an original and four amended briefs. 
The clerk of this court granted appellant leave to file the first and
second amended briefs, each of which contained the same points of error.  Appellant attempted to file a third amended
brief, which contained an improper typeface, and a fourth amended brief, which
corrected this problem.  However, the
third and fourth amended briefs contained an additional point of error not in
any of the previous briefs.  Appellant
did not request leave to raise this new point of error, long after the State=s brief was filed, and therefore it is not properly
before this court.  See Randle v.
State, 878 S.W.2d 318, 319 (Tex. App.CHouston [1st
Dist.] 1994, pet. ref=d) (citing Rochelle v. State, 791 S.W.2d 121,
124 (Tex. Crim. App. 1990)). 
Accordingly, we do not address the second point of error raised by
appellant in his fourth amended brief, in which he asserts ineffective
assistance of counsel.





[2]  The trial
court provided a limiting instruction to the jury.





[3]  An appellate
court will only conduct the second part of this analysis if, as here, the
opponent made a specific objection to the extraneous-offense evidence based on
prejudice.  Montgomery, 810 S.W.2d
at 389.





[4]  Sydenstricker
testified that he did in fact feel threatened by appellant.  However, that contradicted an affidavit he
signed before trial.  Sydenstricker said
he did not read this portion of the affidavit, which he said he thought he was
signing to Asettle@ the case.  It
had apparently been drafted by appellant=s
father, an attorney, who approached Sydenstricker=s
employer (whose truck had been damaged in the altercation) to Asettle@ the case.  We
find appellant was not entitled to a lesser-included offense instruction, even
considering this questionable evidence, because that would not allow the jury
to find that he was guilty of only assault and not aggravated assault.





[5]  Appellant
cites old cases for the theory that he is guilty of assault and not aggravated
assault if he only intended to scare and not injure Sydenstricker, even if
using a deadly weapon to do so.  See,
e.g.,  Crowley v. State, 146
Tex. Crim. 269, 271, 174 S.W.2d 321, 322 (1943).  The Penal Code has been amended several times
since then, and under the current version, threatening another with a
deadly weapon is clearly aggravated assault. 
See Tex. Pen. Code Ann.
'' 22.01(a)(2), 22.02(a)(2); Ponce v. State, 127
S.W.3d 107, 109 (Tex. App.CHouston [1st Dist.] 2003, no pet.).