Joe Calvin YARBOUGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–87–080 CR.

Court of Appeals of Texas,
Beaumont.

June 29, 1988.

Russell J. Wright, Silsbee, for appellant.

R.F. "Bo" Horka, Dist. Atty. and Richard Dutton, Asst. Dist. Atty., Kountze, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted of murder by a jury which, after finding that appellant used a deadly weapon, also sentenced him to fifty years' confinement in the Texas Department of Corrections.

In a single point of error, appellant contends that the court below erred in admitting into evidence certain extraneous transactions. At trial, the defense introduced prior testimony of E.B. Williams who testified the deceased had a bad reputation for peaceable and law-abiding behavior. Williams also testified on direct that appellant's reputation as a peaceful, law-abiding citizen was good. On cross-examination, the state's attorney asked Williams whether he had heard of two extraneous instances of appellant using or drawing a knife during a fight. Appellant did not object to this line of cross-examination.[1] Appellant subsequently took the stand, testifying that he killed the deceased in self-defense. The state's attorney cross-examined appellant in part about two previous occasions when he had drawn or used a knife in a fight and one occasion when appellant al-

legedly abducted a girl at knife-point and attempted to rape her. Defense counsel ultimately objected and later moved for mistrial in part on grounds that the extraneous transactions constituted improper impeachment of appellant. Appellant's objection and motion for mistrial were overruled. On rebuttal, the state was allowed to call three witnesses who testified about the two previous instances of appellant drawing and using a knife during a fight. Appellant complains of the state's cross-examination of appellant and the testimony of its three rebuttal witnesses.

 Although the state was not entitled to introduce specific instances of previous knifings to prove appellant acted in conformity therewith on the occasion in issue, *TEX.R.CRIM.EVID. 404(a) & 405(a) & (b), see also Parrish v. State,* 163 Tex. Crim. 252, 290 S.W.2d 245 (1956), evidence of appellant's previous knifings was nonetheless admissible for other purposes. The "true test" of admissibility of extraneous acts is whether (1) the act is relevant to a material issue in the case and (2) its relevancy outweighs its inflammatory or prejudicial potential. *Williams v. State,* 662 S.W.2d 344, 346 (Tex.Crim.App.1983). Listed among the examples of admissible acts are those which tend to refute a defensive theory. *Albrecht v. State,* 486 S.W.2d 97, 101 (Tex.Crim.App.1972); *Halliburton v. State,* 528 S.W.2d 216, 219 (Tex.Crim.App. 1975) (on rehearing). The state was, therefore, entitled to refute appellant's claim of self defense by attempting to show, through cross-examination of appellant, that he acted as an aggressor in previous knifings. *TEX.R.CRIM.EVID. 404(b).* Although refuting a defensive theory is not expressly listed in rule 404(b) as a permissible use of an extraneous act, the language of the rule suggests that list is not exclusive, but is rather a list of examples: "It may, however, be admissible for other purposes, *such as* proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or acci-

---

1. Appellant does not complain on appeal of the state's cross-examination of E.B. Williams inquiring into specific instances of appellant's conduct. Such inquiry was clearly permissible under *TEX.R.CRIM.EVID. 404(a)(1) & 405(a).*

dent...." *Id.* (emphasis added). When appellant claimed he acted in self-defense in those incidents, the state was entitled to introduce its three rebuttal witnesses who testified appellant was the aggressor. *TEX.R.CRIM.EVID. 404(b); see also Halliburton, supra.*

◼ Appellant also complains of the following cross-examination of appellant:

Q. Do you know a young lady named— 14 year-old girl named [H.C.]?

....

A. No, sir, I don't. I can't recall.

Q. Didn't you get picked up and charged with pulling a knife on her and abducted her and trying to rape her?

A. I ain't never—man, I ain't never tried to pull a knife on no woman or try to rape nobody. Where did you get that from?

Q. I will show where I got it from. Do you want to look at it?

A. I ain't never pulled nobody—

Q. You weren't picked up and questioned about it?

A. No, sir, I wasn't. No, I sure wasn't.

Q. Do you know Oficer Womack, Kountze Police Department?

A. Womack?

Q. Yes, sir.

A. I don't know. I know the constable, but I don't know him by name. This is something you're just trying to force off on me.

Q. Yeah, that's what's been your problem all along, isn't it? People picking on you. Ethel is picking on you. She's lying on you because of something?

A. That's true. That's true.

Q. And Mrs. Follie, she's lying on you.

A. That's true.

Q. And I am?

A. If you're saying I was picked up and tried—

Q. And these people who made these reports are lying, too.?

A. Right. If you say I was picked up and was trying to rape somebody, then I—

Q. I didn't say picked up, I said questioned.

[DEFENSE COUNSEL]: We object about the rape report.

A. I wasn't questioned about it.

Appellant's counsel elaborated on his objection by arguing the prosecution improperly used certain documents before the jury without having introduced them into evidence. The court overruled the objection. Appellant's counsel then stated:

[DEFENSE COUNSEL]: Judge, would you let me make a new objection to what he just said. E.B. Williams said that. This man didn't say that. What he needs is to ask E.B. those questions, not this man. He's simply using them to test the honesty or truthfulness of the statement that E.B. Williams made, not to test the truth of what Joe Yarbough said because Joe hasn't said any statement that would admit those things to impeach him with, but E.B. Williams has. And he's using something maybe properly usable against E.B. Williams against Joe Yarbough. And as against Joe, they're hearsay. They amount to extraneous offenses and they're not admissible against Joe just ipso facto like that in the guilt, innocent stage.

THE COURT: The objection is overruled.

The next twelve pages of the statement of facts show that the state continued its cross-examination until the jury was dismissed for lunch. When the proceedings resumed, appellant moved for mistrial on grounds (1) that the state was improperly using documents not introduced in evidence and (2) that the state's questions regarding extraneous acts prejudiced the jury and was not curable. Any prejudice to appellant from the state's engaging in this line of questioning was waived by appellant's failure to object as soon as the grounds for his objection became apparent. *Thompson v. State*, 691 S.W.2d 627, 635 (Tex.Crim. App.1984).

Appellant's sole point of error is overruled and his conviction affirmed.

AFFIRMED.