In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-250 CR


____________________



WILBERT HAMILTON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 9421






MEMORANDUM OPINION


 A jury found Wilbert Hamilton guilty of aggravated assault, a second degree felony
offense. Tex. Pen. Code Ann. §22.02 (Vernon Supp. 2004). The trial court assessed
Hamilton's punishment at twenty-five years' confinement in the Texas Department of
Criminal Justice, Institutional Division. We will affirm.

 In a sole appellate issue, Hamilton asserts the trial court erred when it admitted
evidence of his three prior felony convictions over defense counsel's objection. The State
maintains that the extraneous offenses were admissible to rebut Hamilton's claim of self-defense. 

 At trial, Hamilton presented evidence of self defense through his testimony. 
Hamilton was asked to describe what was "going through [his] mind" when he saw the
assault victim with a weapon. Hamilton responded: 

 Well, my natural instinct was he's fixing to beat on me. Then when I seen
him coming to me, my natural instinct was to attack him before he attacks
me to hurt me. That's the only thing - you know, I didn't have no other
choices. It was a hand-to-hand situation - a dire situation. 

Under cross examination, Hamilton testified that his intent was not to hurt the victim, but
rather was "to protect [himself]." 

 The jury charge included a "deadly force in defense of a person" instruction, which
provided, in part, that deadly force would be justified if a person believed such force were
immediately necessary to protect himself against use or attempted use of unlawful deadly
force. Also included in the charge was the instruction that the extraneous offense evidence
was to be considered for the sole purpose of rebutting Hamilton's self-defense claim. 

 We review a trial court's decision to admit evidence over objections for an abuse
of discretion. Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). To be
admissible, evidence must be relevant to some material issue in the case and not simply be
proof of character conformity. Moses, 105 S.W.3d at 626. An appellate court should not
conduct a de novo review of the record and "as long as the trial court's ruling was at least
within the zone of reasonable disagreement," we will not overrule the trial court.
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)(op. on rehearing).

 Generally, a defendant's prior crimes or bad acts are inadmissible to prove he has
a bad character or a propensity to commit the offense charged. Id. at 386; Tex. R. Evid.
404(a)-(b), 405(a). Such evidence, however, may be admissible for other purposes, such
as proof of motive, intent, plan, knowledge, or lack of mistake or accident. Montgomery,
810 S.W.2d at 387; Tex. R. Evid. 404(b). 

 The Texas Court of Criminal Appeals has held that when a defendant claims
self-defense, the State may introduce evidence of other violent acts where the defendant
was an aggressor in order to show intent. Halliburton v. State, 528 S.W.2d 216, 217-18
(Tex. Crim. App. 1975). We previously have followed Halliburton as have other courts
of appeal. Yarbough v. State 753 S.W.2d 489, 490-91, (Tex. App.--Beaumont 1988, no
pet.); Johnson v. State, 963 S.W.2d 140, 144 (Tex. App.--Texarkana 1998, pet. ref'd). 
Here, we see no reason to depart from precedent.

 The trial court did not abuse its discretion in admitting evidence of the extraneous
offenses. We overrule Hamilton's sole appellate issue and affirm his conviction.

 PER CURIAM


Submitted on April 28, 2004 

Opinion Delivered June 16, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.