NO. 07-04-0090-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 26, 2006
_____

AMADOR SALAZAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400255; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Amador Salazar presents seven issues challenging his conviction for aggravated assault and punishment of fifty years confinement. His issues complain of the State's failure to disclose exculpatory information, the admission of evidence of an extraneous offense and the exclusion of evidence impeaching a prosecution witness. We affirm.

The events leading to appellant's prosecution occurred at a bar in Lubbock, where appellant and the victim, Raul "Roy" Lopez, were among about a dozen patrons that evening. The two had known each other for nearly ten years. They were the only

witnesses to the assault who testified at trial. Neither reported having any history of disputes with the other but gave very different accounts of what happened.

Lopez testified he had consumed one beer and a line of cocaine at the bar earlier in the evening. He returned to play in a pool tournament and greeted appellant and others he knew. Lopez was drinking water at the bar and talking to Sally Regalado when appellant approached on the other side of Regalado and told Lopez he wanted to speak to Lopez outside. Lopez replied they had nothing to talk about. When Lopez backed away and turned, appellant stabbed Lopez in the stomach with a 4 to 5 inch knife.

Appellant's version of events had Lopez present in the bar when he arrived. Appellant first went to the bar's small restroom, and was there when Lopez tried to enter it. According to appellant, when he left the restroom it was Lopez who said "I want to talk to you," to which appellant replied "Okay, I don't want to talk to you." While appellant sat at a table with friends, Lopez was at the bar saying "what is up?" which appellant took as "threatening or menacing." He also testified Lopez was playing pool with Roy Olivarez and approached his table several times while carrying a pool cue. Because of this conduct and the presence of Olivarez, who appellant asserted had stabbed him (apparently in the same bar) seven years earlier, appellant decided to leave. As he was heading for the door, Lopez said "where are you going?" and approached appellant with a pool cue. Fearing he would be struck with the cue, appellant stabbed Lopez and left.

The uncontroverted evidence showed Lopez required surgery to correct perforations in his intestine which the treating doctor testified were life-threatening injuries. Additional

2

facts will be discussed in connection with appellant's individual issues. The jury rejected appellant's claim of self defense and found him guilty of aggravated assault. Before assessing punishment, the trial court found true the enhancement allegations of the indictment.

All of appellant's issues relate to the extraneous offense testimony of prosecution witness Tom Aleman. Appellant's first issue asserts the State violated his due process rights by failing to disclose information relevant to impeachment of Aleman. He relies on the U.S. Supreme Court's recognition of a constitutional right to have the government disclose evidence in its possession which is material and exculpatory. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See also Harm v. State*, 183 S.W.3d 403, 406 (Tex.Crim.App. 2006). The rule adopted in *Brady* encompasses impeachment evidence. *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). To demonstrate reversible error for violation of *Brady* rights, a defendant must show (1) the State failed to disclose evidence, regardless of the prosecutor's good or bad faith; (2) the withheld evidence is favorable to the defendant; and (3) the withheld evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Harm*, 183 S.W.3d at 406. With respect to the materiality element, our evaluation of the undisclosed evidence must consider the entire record. See *Hampton v. State*, 86 S. W.3d 603, 612 (Tex.Crim.App. 2002). The mere possibility the information might have affected the trial's outcome does not make it material in the constitutional sense. *Id.* (*citing U.S. v. Agurs*, 427 U.S. 97, 109, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)). The proper inquiry is whether

the failure of its disclosure undermines confidence in the jury's verdict. *See Ex parte Richardson*, 70 S.W.3d 865, 870 n.22 (Tex.Crim.App. 2002); *Ex parte Adams*, 768 S.W.2d 281, 290-91 (Tex.Crim.App. 1989).

Aleman testified over appellant's objection that appellant cut him with a knife at another Lubbock bar several months after the incident for which appellant was being tried. Aleman's criminal history included two arrests for assault in Lubbock. During trial, outside the presence of the jury, a disagreement arose between the prosecutor and defense counsel over whether Aleman's criminal history had been provided to the defense. The prosecution asserted Aleman's criminal history records had been made available with those of other prosecution witnesses through the district attorney's open file policy. Defense counsel represented to the court he had reviewed the files made available to him, and Aleman's criminal history was not among those in the file. After examining the prosecution's criminal history file, the trial court found no violation of *Brady's* disclosure requirements.

On appeal, appellant argues the State violated *Brady* and his due process rights by failing to disclose the arrests for assault.[1] We initially note a defendant's ability to review the prosecutor's case file under an open file policy typically satisfies the requirements under *Brady* as to information contained in the file. *Harm*, 183 S.W.3d at 407. Appellant's argument incorrectly assumes his trial counsel's representation that Aleman's criminal history information was not in the prosecutor's file establishes the first element of a *Brady*

---

[1] The record reflects these charges arose from incidents of domestic violence involving Aleman's wife.

violation. The prosecutor represented the information had been in the file when examined by defense counsel. The trial court accepted defense counsel's invitation to examine the file during trial. That examination showed the information was then present. The trial court simply was presented with a factual dispute concerning the contents of the State's file. Appellant offers no authority suggesting resolution of this factual dispute was not within the province of the trial court. *See Gantt v. Roe*, 389 F.3d 908, 916 (9th Cir. 2004) (remanding for trial court resolution of dispute on whether information was disclosed.) The record supports the trial court's implicit resolution of that dispute in favor of the State. Appellant has failed to satisfy the first element required to establish a violation of *Brady*.

The record also fails to show the information was material, meaning the failure to disclose it undermines confidence in the jury's verdict. *Richardson*, 70 S.W.3d at 870 n.22. Appellant argues the evidence of Aleman's assault arrests would have supported his claim that Aleman was the first aggressor in their confrontation.[2] In that regard, however, appellant's own testimony concerning the stabbing of Aleman did not reveal meaningful conflict with Aleman's testimony. Appellant did not testify Aleman attacked him, only that they were arguing and he thought Aleman could have been preparing to attack him. When asked why he stabbed Aleman, appellant testified they had argued and "[w]hen he picked up the [beer] bottle, I didn't know whether he was going to swing the bottle at me or take

---

[2] Appellant's argument seems to rely on Rule of Evidence 404(a)(2), which, by its terms, concerns evidence of the character of the victim of the offense being tried. *See, e.g., Tate v. State*, 981 S.W.2d 189, 193 (Tex.Crim.App. 1998) (applying rule). Appellant does not address, and we express no opinion on, the applicability of that rule to evidence of the character of a witness testifying to an extraneous act, which would seem to be governed by Rule 404(a)(3). Tex. R. Evid. 404(a)(2), (3).

a drink. He just picked it up, and he was arguing, and he was mad." Whether the jury accepted Aleman's testimony or appellant's, appellant's inability to impeach Aleman with evidence of his arrests for domestic violence assaults do not undermine confidence in the jury's verdict. We overrule appellant's first issue.

Appellant's second, third, and fourth issues concern the admission of evidence that he cut Aleman. He argues the evidence was inadmissible under Rules of Evidence 401 and 404(b) (issue two), the prejudicial effect substantially outweighed its probative value making it inadmissible under Rule 403 (issue three), and the trial court erred in failing to issue a timely limiting instruction (issue four).

To ensure defendants are tried only for the crime with which they are charged and not for criminal propensity, evidence of extraneous offenses is normally inadmissible. *Moses v. State*, 105 S.W.3d 622, 626 (Tex.Crim.App. 2003). This protection is reflected in the provision of Rule of Evidence 404(b) that evidence of other crimes is not admissible "to prove the character of a person in order to show action in conformity therewith." The evidence may be admissible for other purposes. *Rankin v. State*, 974 S.W.2d 707, 718 (Tex.Crim.App. 1996). Rule 404(b) specifically lists motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident as permissible purposes. This list is not exhaustive. *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex.Crim.App. 1991) (op. on rehearing). When an objection is made to evidence of an extraneous offense, the proponent must satisfy the trial court the evidence is relevant apart from its tendency to show character or conformity with character. *Id.* at 387. A trial court has broad discretion

6

in determining the admissibility of evidence and its decision will not be disturbed absent a showing that discretion was abused. *Mozon v. State*, 991 S.W.2d 841 (Tex.Crim.App. 1999); *Rankin*, 974 S.W.2d at 718 (application to admission of extraneous offense evidence).

The jury charge contained instructions on self-defense. The defense raised the issue of Lopez's aggression toward appellant during cross-examination of prosecution witnesses, and presented expert testimony on the effects of the use of alcohol and cocaine, with focus on the impact of the substances on the user's aggressiveness.[3] The State contends the extraneous offense evidence was admissible because it was offered to controvert appellant's self-defense theory and to show his intent. Under appellant's self defense theory his intent in stabbing Lopez was to defend himself.[4] The State's theory was that appellant was the aggressor and his intent was not defensive. The evidence of appellant's use of a knife on Aleman in similar circumstances was relevant to evaluation of appellant's claim of self defense in the stabbing of Lopez. *See Halliburton v. State*, 528 S.W.2d 216, 218 (Tex.Crim.App. 1975) (evidence of extraneous shooting admissible to refute claim of self defense)*; Lemmons v. State*, 75 S.W.3d 513, 523 (Tex.App.--San Antonio 2002, pet. ref'd) (evidence defendant was aggressor in other incidents admissible when self-defense is raised)*; Yarbrough v. State*, 753 S.W.2d 489, 490 (Tex.App.--

---

[3] Because of the expert's schedule, she was allowed to testify out of order, before the State finished its case in chief and before Aleman's testimony.

[4] Under the court's charge and the Penal Code, consideration of appellant's assertion he acted in self defense required the jury to evaluate whether he reasonably believed his conduct was immediately necessary to protect himself against the use of force. Tex. Pen. Code Ann. § 9.31(a) (Vernon 2003).

Beaumont 1988, no pet.) (State entitled to refute defendant's claim of self defense by attempting to show he acted as aggressor in previous knifings). We overrule appellant's second issue.

Appellant's third issue assigns error to admission of the extraneous offense evidence on the basis it should have been excluded because the probative value was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. The trial court expressly found the evidence was not subject to exclusion on the grounds set out in Rule 403. In evaluating Rule 403 issues, courts begin with the presumption the probative value is not substantially outweighed by other factors. *Williams v. State*, 958 S.W.2d 186, 196 (Tex.Crim.App. 1997).

In *Montgomery*, the Court of Criminal Appeals identified four factors a court should consider in performing the balancing required under Rule 403. They are:

(1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable--a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense;

(4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

8

*Wyatt v. State*, 23 S.W.3d 18, 26 (Tex.Crim.App. 2000) (citing *Montgomery,* 810 S.W.2d at 389-90). Appellant acknowledges the State demonstrated a need for the extraneous offense evidence in light of his self-defense claims, and that the evidence "appeared strong[.]" He focuses on the third factor, arguing the State "spent a great portion of this trial developing the evidence." We do not agree the record supports this assertion. The reporter's record from the approximately two-and-one-half days of testimony is just over 600 pages. Aleman's testimony before the jury concerning appellant's assault on him consumes approximately 21 pages.[5] An additional 8 pages were devoted to introducing Aleman's hospital records and testimony of the officer who responded to that incident. No abuse of discretion appears. The time the prosecution devoted to developing this evidence, either alone or in combination with the other factors identified in *Montgomery*, did not present a danger of unfair prejudice, confusion of the issues, or undue delay which substantially outweighed its probative value. *Cf. Russell v. State*, 113 S.W.3d 530, 546, 550 (Tex.App.--Fort Worth 2003, pet. ref'd) (twelve witnesses and nearly one-third of trial devoted to improper extraneous offense evidence; Rule 403 challenge sustained). We overrule appellant's third issue.

Appellant's fourth issue complains of the trial court's denial of his request to instruct the jury on the limited purposes for which it could consider the extraneous offense evidence at the time the evidence was admitted. The jury charge instructed the jury it could consider the evidence only if it found beyond a reasonable doubt appellant committed that offense and then only for determining his motive, intent, plan, scheme and

---

[5] Appellant's cross examination of Aleman consumed an additional 44 pages.

design. The State concedes the failure to issue a contemporaneous limiting instruction was error, *see Rankin*, 974 S.W.2d at 713, but argues the error was harmless. In its opinion on rehearing in *Rankin*, the court noted the failure to give a timely limiting instruction is subject to harm analysis. *Id.* at 720. The parties agree the error is a non-constitutional one which we must disregard unless it affects a substantial right. *See* Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997); *Russell*, 113 S.W.3d at 549.

Appellant's discussion of the harm resulting from the error asserts only that it affected his substantial right to be tried only for the crime charged and he was forced to spend "most of his energies" defending against the extraneous offense because the "trial became entirely about Aleman." We do not agree. As noted, approximately ten percent of the trial record before the jury was devoted to the extraneous offense.

We note also that other courts evaluating harm resulting from the failure to give a contemporaneous limiting instruction have given significant weight to the time between admission of the extraneous offense evidence and the limiting instruction in the jury charge. *See Jones v. State*, 119 S.W.3d 412, 424 (Tex.App.--Fort Worth 2003, no pet.); *Lemmons*, 75 S.W.3d at 525. Here the three witnesses who testified to the extraneous offense were the State's last three witnesses. In *Jones*, the court also considered the fact, present here, that the extraneous offense was no more serious than the charged offense.

10

119 S.W.3d at 425. Considering the record as a whole, we conclude the error did not have a substantial effect on the jury. We overrule appellant's fourth issue.

Appellant's next group of issues challenges the exclusion of evidence of probation violations reflected in the probation file of Tony Aleman. Appellant sought to introduce evidence that Aleman had consumed alcohol and failed to complete treatment programs, in violation of the terms of his probation. The trial court sustained the State's objection to evidence of events not connected to May 17, 2003, the date of appellant's assault on Aleman. Appellant's specific complaints are that the trial court's exclusion of the evidence was error because it was relevant (issue 5), the ruling denied his right to a fair trial and due process (issue 6), and the ruling violated his Sixth Amendment right to confront witnesses against him (issue 7).

Evidence that a witness called by the State is subject to a criminal charge or is on probation can be used to show the potential bias or interest of the witness in helping the State. *Maxwell v. State*, 48 S.W.3d 196, 199 (Tex.Crim.App. 2001), citing *Moreno v. State*, 22 S.W.3d 482, 485-86 (Tex.Crim.App. 1999); *Carroll v. State*, 916 S.W.2d 494, 500 (Tex.Crim.App. 1996); *Evans v. State*, 519 S.W.2d 868, 871 (Tex.Crim.App. 1975). A defendant's Sixth Amendment right of confrontation encompasses the right to expose a witness's motivation in testifying. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Maxwell*, 48 S.W.3d at 199. Here the prosecution brought out on direct examination Aleman's probationary status and the existence of his agreement with the State regarding his testimony. The defense was allowed to question Aleman about his

11

agreement with the State and about some violations of his probation reflected in the probation file.

The record reflects considerable discussion, outside the presence of the jury, about the terms of the State's agreement with Aleman. Eventually, the prosecution and appellant agreed to a stipulation concerning the agreement and other aspects of Aleman's testimony. Pursuant to the stipulation, the jury was advised that "any violations of Mr. Aleman's probation that he admitted to concerning the events of May the 17th of 2003 or any violation that he admitted to on the witness stand will not be used as a violation of his probation, per the agreement with the District Attorney's Office."

The excluded evidence consisted of five pages taken from Aleman's probation file. Offering the exhibits, appellant's counsel described the probation violations reflected on each page, and concluded, "Of course, all of that is covered by their deal, and none can be used to revoke him. And our position would have been that is legitimate cross-examination evidence. We are entitled to go into the extent of the deal, the whole deal. And the jury may have ascribed more or less weight had they known about it all, so we wanted to offer that."

Examination of the offered pages from Aleman's probation file reveals that none of the probation violations referred to in those pages occurred on May 17, 2003. Nor were any of the violations revealed to the State through his testimony. The trial court reasonably could have concluded that the evidence contained in the offered pages from Aleman's probation file were not relevant to his agreement with the State, and were not necessary

12

to the jury's understanding of "the whole deal" between them.  Appellant's fifth issue is overruled.  We accordingly conclude also that exclusion of the offered pages did not encroach on appellant's constitutional right of confrontation, and overrule appellant's seventh issue.

Appellant's brief does not present a discrete argument addressing his sixth issue. That issue presents nothing for review and is overruled.  *Rocha v. State*, 16 S.W.3d 1, 20 (Tex.Crim.App. 2000).

Finding no reversible error, we affirm the judgment of the trial court.


James T. Campbell
Justice


Publish.